DECISION
Plaintiff has appealed certain adjustments Defendant made to his 2005 Oregon return. The court held an initial proceeding in the matter May 3, 2010. Plaintiff appeared on his own behalf, with the assistance of a Spanish language interpreter provided by the court. Defendant was represented by Faith Derickson, an auditor with the Department of Revenue.
 I. STATEMENT OF FACTS
Plaintiff filed his 2005 Oregon return on or about April 9, 2009. Plaintiff claimed a filing status of head of household, and four dependent exemption credits, resulting in a refund due of $102. (Ptf s Compl at 3.) Defendant adjusted Plaintiffs return, changing his filing status from head of household to single, disallowing three of the dependent exemptions for relatives living in Mexico, and reducing Plaintiffs standard deduction from $2,855 (the amount allowed for head of household) to $1,770 (the standard deduction for a single taxpayer). Those adjustments resulted in a tax to pay of $454. (Id.)
During the May 3, 2010, proceeding, Plaintiff stated that the three dependents he claimed were his mother and two nieces, all of whom lived together in Mexico, and none of whom worked in 2005. Plaintiff further stated the father of his two nieces in Mexico also provided financial support in 2005 of approximately $150 every two weeks, which comes to *Page 2 
approximately $3,900 for the year. Plaintiff sent approximately $2,000 to Mexico for the support of his mother and two nieces in 2005.
 II. ANALYSIS
Oregon's "basic standard deduction" varies depending upon the taxpayer's filing status. See generally ORS 316.695(1)(c).[1]
The amount of the deduction is set forth in the statutes, which are published every two years, and are indexed during the intervening years.
ORS 316.695(1)(c)(C)(i). For 2005, the basic deduction was $1,770 for an unmarried individual, and $2,855 for a taxpayer qualifying for "head of household" filing status.[2] Thus, the head of household filing status is financially advantageous. However, a taxpayer claiming head of household must satisfy certain legal requirements.
ORS 316.695(1)(c)(E) provides that the term "`head of household' [shall] have the meaning given th[at] term[] in section 2 of the Internal Revenue Code." Section 2 of the Internal Revenue Code (IRC), in turn, defines "head of household" to include an unmarried individual who, for more than one-half of the taxable year, "maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode" of (i) his otherwise qualifying unmarried children and (ii) "any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151 [of the IRC]." IRC § 2(b)(1)(A).[3] A taxpayer can also qualify for head of household filing status if he "maintains a household which constitutes for such taxable year the principal *Page 3 
place of abode of the father or mother of the taxpayer." IRC § 2(b)(1)(B). Furthermore, the code provides that a taxpayer "shall be considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such individual." IRC § 2(b)(1).
In this case, none of the claimed dependents lived in Plaintiff's home in 2005, and Plaintiff did not provide over one-half of the support of his mother's household in Mexico. Therefore, Plaintiff did not maintain a "household" for those individuals (his mother and two nieces) that constituted their "principal place of abode" for more than one-half of the taxable year (calendar year 2005), as required by IRC section 2(b)(1)(A). As a result, Plaintiff does not qualify for the head of household filing status for 2005. Because there is no evidence Plaintiff is married, Plaintiff's filing status is single, which is the status determined by Defendant as part of its adjustments.
Plaintiff also claimed four dependent exemption credits, one for himself and three for the individuals in Mexico whom he helped support. In order to claim an individual as a dependent, the taxpayer must provide over one-half of the individual's support for the calendar year. IRC § 152(d)(1)(C). Plaintiff acknowledged during the May 3, 2010, proceeding that he did not provide over one-half of the support for the claimed dependents. Accordingly, Plaintiff is not entitled to claim those individuals as dependents. Thus, Defendant's adjustment to Plaintiff's 2005 return reducing his dependent exemption credits from four to one (the one being Plaintiff) was appropriate.
 III. CONCLUSION
For the reasons set forth above, the court concludes that Plaintiff's filing status is single rather than head of household, that Plaintiff is only entitled to the lesser standard deduction for a *Page 4 
single taxpayer (as opposed to the larger head of household standard deduction), that Plaintiff is only allowed one dependent exemption credit for himself, and that Plaintiffs tax to pay is $454, as determined by Defendant. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs appeal must be denied and Defendant's adjustments to his 2005 state tax return upheld.
Dated this _____ day of June 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This Decision was signed by Magistrate Dan Robinsonon June 28, 2010. The court filed and entered this Decisionon June 28, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2003.
[2] The amounts specified in the 2003 statutes are $1,640 for single unmarried taxpayers and $2,640 for taxpayers entitled to head of household filing status. ORS 316.695 (1)(c)(B)(ii) and (iv). According to the deficiency notice, the amounts are $1,770 and $2,855. (Ptf's Compl at 3.) Defendant's representative confirmed those amounts during the May 3, 2010, proceeding.
[3] All references to the IRC are to 2005.